1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LOUREECE STONE CLARK,

        Plaintiff,

     v.

BOARD OF EQUALIZATION,

        Defendant.

Case No. 22-cv-06169-JSC

**ORDER OF DISMISSAL**

**INTRODUCTION**

Plaintiff Loureece Stone Clark, a detainee at Napa State Hospital ("NSH") who is proceeding without an attorney, filed this civil rights complaint under 42 U.S.C. § 1983 against the California State Board of Equalization. (ECF No. 1 at 2, 4.) In an approximately six-month period, Plaintiff filed 12 cases in this court.[1] Plaintiff has been granted leave to proceed in forma pauperis ("IFP") in a separate order. For the reasons explained below, the complaint is DISMISSED.

**STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief

---

[1] *See Clark v. Goldstein, et al.*, No. C 22-2962 JSC; *Clark v. Bay City Auto, et al.*, No. C 22-4066 JSC; *Clark v. Internal Affairs Dep't. of Marin County Sheriff Dep't., et al.*, No. C 22-4972 JSC; *Clark v. Marin County District Attorney, et al.*, No. C 22-5557 JSC; *Clark v. Global Tel\*Link Corp., et al.*, No. C 22-6170 JSC; *Clark v. Ahern, et al.*, No. C 22-6171 JSC; *Clark v. Alameda Cty. Dep't. of Child Protected Services, et al.*, No. C 22-6172 JSC; *Clark v. Supervisors for Marin County*, No. C 22-6173 JSC; *Clark v. Medical Board of California, et al.,* No. C 22-6174 JSC; *Clark v. Commission on Judicial Performance*, et al., No. C 22-6204 JSC; *Clark v. Marin County Sherriff's Dep't., et al.*, No. C 22-7295 JSC.

1    may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.*

2    § 1915A(b).  Pleadings filed by parties who are not represented by an attorney must be liberally

3    construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

4          Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

5    claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the

6    statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon

7    which it rests."  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although to

8    state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to

9    provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a

10   formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must

11   be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*,

12   550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a

13   claim for relief that is plausible on its face."  *Id.* at 570.  To state a claim that is plausible on its

14   face, a plaintiff must allege facts that "allow[] the court to draw the reasonable inference that the

15   defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

16         To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a

17   right secured by the Constitution or laws of the United States was violated, and (2) that the alleged

18   violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S.

19   42, 48 (1988).

20                                          **DISCUSSION**

21         The complaint sets forth the following claim, which is quoted in its entirety:

22                 The Respondent(s) willful failure of non-acceptance and non-
             payment of just compensation in honor shows bad faith placing the
23           Respondent(s) in default.  The Respondent(s) failure, refusal, or
             neglect in the presentment of a verified response constitutes the
24           Respondent(s) failure to perform in good faith, acquiescence, and
             tacit agreement with all terms, conditions and stipulations set forth
25           and a completion of an administrative process.  Therefore this matter
             is deemed res judicata and stare decisis.
26
     (ECF No. 1 at 2.)
27
           There are two problems with the complaint.  First, Plaintiff's claim is incomprehensible.  A
28

United States District Court
Northern District of California

United States District Court
Northern District of California

1   claim that is totally incomprehensible is frivolous. *See Jackson v. Arizona*, 885 F.2d 639, 641 (9th

2   Cir. 1989); *cf. Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (a claim is frivolous if it is premised

3   on an indisputably meritless legal theory or is clearly lacking any factual basis). The allegation

4   that Defendant's "willful failure of non-acceptance and non-payment of just compensation in

5   honor shows bad faith" by Defendants is incomprehensible. (*Id.*) In addition, Plaintiff does not

6   explain what Defendant failed to present a "verified response" to, what Defendant failed to

7   "perform in good faith," what "terms" and "conditions" applied to Defendant, or what

8   "administrative process" was completed by whom. (*Id.*) Plaintiff also cites the legal doctrines of

9   "res judicata" and "stare decisis" without any explanation for how such doctrines apply to his case.

10      Second, Defendant the California State Board of Equalization is a state agency that is

11   immune from suit in federal court. The Eleventh Amendment bars from the federal courts suits

12   against a state or state agencies by its own citizens, citizens of another state or citizens or subjects

13   of any foreign state. *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 237-38 (1985); *see, e.g.,*

14   *Fortson v. Los Angeles City Atty's Office*, 852 F.3d 1190, 1192 (9th Cir. 2017) (Calif. Bureau of

15   Firearms entitled to 11th Amendment immunity); *Brown v. Cal. Dep't of Corrs.*, 554 F.3d 747,

16   752 (9th Cir. 2009) (California Department of Corrections and California Board of Prison Terms

17   entitled to 11th Amendment immunity)

18      Plaintiff's claim cannot be cured by amendment because Plaintiff makes an Because the

19   complaint sets forth an incomprehensible is frivolous, and the Court cannot discern how it could

20   be cured by amendment. *Cf. Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994)

21   (leave need to amend need not be granted where it constitutes an exercise in futility).

22   Accordingly, the case is dismissed without leave to amend.

**CONCLUSION**

24      For the reasons explained above, this case is DISMISSED without leave to amend.

25      The Clerk shall enter judgment and close the file.

26   //

27   //

28   //

3

1          **IT IS SO ORDERED.**

2     Dated: April 17, 2023

3

4     _____
      JACQUELINE SCOTT CORLEY
5     United States District Judge

6

7

8

9

10

11

United States District Court
Northern District of California

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28